Frederick D. Dugan, J.
The Family Court is here called upon not to determine if the father neglected his child, but whether the allegations in the petition on this child protective proceeding, if proven, would mean the child was neglected by the father.
This motion by the respondent father seeks to dismiss the *1018 neglect petition as to him upon the grounds that the petition fails to state a cause of action as against him. (Family Ct. Act, § 165; CPLR 3211, subd [a], par 7.)
The petition names as respondents the mother and father of the three-month-old infant and alleges that child is neglected by reason of the mother ingesting some 100 5 milligram Valium tablets and feeding approximately 40 to the child on November 15, 1974. Both survived after timely treatment and hospitalization.
As to the father the allegations here attacked as insufficient as a matter of law state that he took up separate residence from the mother and child in September of 1974; that the mother repeatedly threatened to commit suicide and continued to do so even after the father as a result of those threats returned to live with them. He is alleged to have left that home again on November 14, 1974.
The father contends that on the pertinent allegations involving him in the petition, he was not residing with the mother and the child at the time she allegedly attempted to take her own life and that of the child. He cites Matter of Karr (66 Misc 2d 912); that the parent sought to be charged with neglect must have custody, care and control of the child during the period when neglect charges are alleged against the parent.
The Karr case involved an allegation of neglect by abandonment. (Family Ct. Act, § 1012, subd [f], par [ii].) After a full fact-finding hearing, that court found no intent to abandon by the respondent parent and dismissed the petition. That parent had voluntarily placed the child with the petitioner and did not have the custody, care or control of the child to support any charge of neglect under section 1012 of the Family Court Act.
While the proof here on a full fact-finding hearing may establish that the father was not residing with the mother and child on November 15, 1974, a father’s knowledge and acts during custody, care or control immediately preceding his leaving the child under the circumstances here alleged could constitute neglect which would require protection of the child.
Upon this motion the petition is considered in its entirety, with every fair inference resolved in its favor and with the allegations therein assumed to be true for the purpose of this motion. It essentially alleges that the father’s knowledge of the mother’s inclination to attempt suicide when he moved *1019 out and left that three-month-old infant with her creates the basis of his responsibility to that child; that in leaving the child with the mother under these circumstances, the physical, mental and emotional condition of the child was impaired and was placed in imminent danger of becoming impaired by his failure to exercise a minimum degree of care: (1) to provide the child with proper supervision; and (2) by unreasonably allowing a substantial risk that harm would be inflicted on the child. (Family Ct. Act, § 1012, subd [f], par [i], cl [B].)
Whether the proof will sustain these allegations and the father’s failure to exercise a minimum degree of care as required by section 1012 (subd [f], par [i], cl [B]) of the Family Court Act is not and cannot be determined on this motion.
Respondent father’s motion to dismiss the petition as against him for failure to state a cause of action as to that respondent is denied.